IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03282-RBJ-KLM

DEANNA DINEEN,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipal corporation, and
CAREER SERVICE AUTHORITY/CAREER SERVICE BOARD,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [Docket No. 7; Filed December 24, 2012] (the "Motion"). On January 21, 2013, Plaintiff filed a Response [#11] in opposition to the Motion. On February 4, 2013, Defendants filed a Reply [#13]. After it was fully briefed, the Motion was referred to this Court for recommendation [#17] pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3. The Court has reviewed the Motion, the Response, the Reply, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that the Motion [#7] be **GRANTED** and that the Complaint [#7] be **DISMISSED without prejudice**.

### I.  Summary of the Case

Defendants removed this lawsuit from the District Court for the City and County of Denver on December 17, 2012. *Notice of Removal* [#1]. In the Complaint, Plaintiff asserts

three claims: (1) a due process violation pursuant to 42 U.S.C. § 1983; (2) breach of implied contract; and (3) promissory estoppel. *Compl.* [#3] ¶¶ 29-46.

Plaintiff worked for Defendant City and County of Denver from July 1992 through September 21, 2011. *Id.* ¶ 11. During the six years prior to her termination, Plaintiff worked as the civilian supervisor for the Photo Enforcement Unit ("PEU"). *Id.* ¶ 12. Plaintiff avers that during her time there, the PEU grew until it was too large for one person to handle, even when working a large number of hours each week. *Id.* ¶ 13. In December 2010, "largely as a result of a failure to timely address a citizen complaint," Plaintiff received a written reprimand from Defendant Denver Career Service Authority ("CSA") and was placed on a performance improvement plan ("PIP"). *Id.* ¶ 16. Soon after, Plaintiff filed a grievance with Defendant CSA stating that her "supervisors had yelled at her to the point that she was reduced to tears." *Id.* ¶ 17. Defendant CSA allegedly did not investigate Plaintiff's report. *Id.* ¶ 18. On June 20, 2011, Plaintiff was placed on investigatory leave after one of her subordinates filed a complaint against her. *Id.* ¶ 19.

In November 2010, Rebecca Pizzulo ("Pizzulo") began working as a representative of Defendant CSA and was later assigned to investigate the complaint filed against Plaintiff. *Id.* ¶ 20. Ms. Pizzulo did not "complete a training program on investigation techniques as developed by the Career Service Authority Training Section" before or during her investigation of Plaintiff in 2011. *Id.* ¶ 22. Relying on Ms. Pizzulo's investigation, Defendant CSA terminated Plaintiff. *Id.* ¶ 24. Plaintiff was provided with a hearing first before Defendant CSA and, later, with Defendant Career Service Board ("CSB") on appeal. *Id.* ¶ 26. As described more fully below, Plaintiff avers that the investigation, hearing, and appeal were replete with due process failures such that they "so tainted the disciplinary

process that Plaintiff's reputation was damaged and she ultimately lost her employment." *Id.* ¶¶ 24-28.

As a result of the foregoing events, Plaintiff seeks economic and noneconomic damages, along with attorney fees and costs of suit. *Id.* at 8. Defendants seek to dismiss all three of her causes of action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Motion* [#7] at 3-10.

## II. Standard of Review

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary;

the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### III. Analysis

**A.    Due Process**

In short, Plaintiff asserts that her constitutional right to due process was violated because she has protected property and liberty interests in her public employment and because Defendants CSA and CSB failed to strictly adhere to their own rules regarding required protocol prior to employee termination. *Compl.* [#3] ¶¶ 29-36. Specifically, the Complaint alleges the following due process failures: (1) Defendant CSA did not investigate Plaintiff's report that included a statement that "her supervisors had yelled at her to the point that she was reduced to tears;" (2) concerning the investigation into a complaint made by one of Plaintiff's subordinates, Ms. Pizzulo "was not required to, nor did she, 'complete

a training program on investigation techniques as developed by the Career Service Authority Training Section' at any time before or during her investigation" of Plaintiff; (3) this investigation, which resulted in Plaintiff's termination, "was not effective, thorough or objective and, among other things, involved vague and conclusory allegations which impaired Plaintiff's ability to respond, involved arbitrary one-sided deadlines, leading and biased questioning of the Plaintiff and witnesses, [and] the omission of and/or misstatement of various facts and clearly erroneous findings;" (4) the investigation was not in accordance with Defendants' own rules and regulations; (5) on appeal, Defendants failed "to follow decisional precedent, enforce career service Rules, adhere to the City Charter," and failed to ensure an impartial tribunal; and (6) Defendant CSB did not timely issue a written decision relating to Plaintiff's appeal, which was due sixty days after the date the last brief was submitted. *Compl.* [#3] ¶¶ 17-28.

The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . . . " U.S. Const. amend. XIV, § 1. The Court analyzes due process claims in two steps. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Id.*  Thus, Plaintiff must first establish that she was deprived of a constitutionally-protected property or liberty interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").

### 1. Liberty Interest Claim

"A liberty interest is implicated where the terms of the dismissal involve charges of a damaging character that would jeopardize a person's reputation because such charges can create a near-inescapable stigma, depriving the employee of future employment opportunities." *Wright v. Keokuk Cnty. Health Ctr.*, 399 F. Supp. 2d 938, 959 (S.D. Iowa Nov. 22, 2005) (citing *Roth*, 408 U.S. at 573-74). In short, "[t]he liberty interest that due process protects includes the individual's freedom to earn a living." *Lentsch v. Marshall*, 741 F.2d 301, 303 (10th Cir. 1984).

Although Plaintiff has a liberty interest in her reputation as it affects her employment, she must demonstrate how the government employer infringed on this interest. *See Workman v. Jordan*, 32 F.3d 475, 480 (10th Cir. 1994) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). To do so, Plaintiff must adequately allege four elements: (1) "the statements must impugn the good name, reputation, honor, or integrity of the employee;" (2) "the statements must be false;" (3) "the statements must occur in the course of terminating the employee or must foreclose other employment opportunities;" and (4) "the statements must be published." *Id.* (citations omitted).

Plaintiff generally alleges that, "The Investigation was not in accord with the Rules and so tainted the disciplinary process that Plaintiff's reputation was damaged and she ultimately lost her employment with the City." *Compl.* [#3] ¶ 25. The Complaint does not allege a single statement that impugned Plaintiff's "good name, reputation, honor, or integrity." *See Workman*, 32 F.3d at 480. The allegations that Plaintiff's superiors "yelled at" her or that there were unspecified "misstatements of facts" are insufficient to meet this element. The Complaint simply contains no allegations that clearly impugn the reputation

and integrity of Plaintiff. *Cf. Harper v. Mancos Sch. Dist. Re-6*, No. 10-cv-01115-WJM-CBS, at *10 (D. Colo. Aug. 5, 2011) (finding that comments about the plaintiff's reputation and integrity that could foreclose future employment satisfied the first element of the liberty interest test). Plaintiff therefore fails to meet the first element.

Further, as for the second element, there are no allegations that these vague statements were false. *See Harper*, 2011 WL 3426211, at *10 (finding that the plaintiff must demonstrate that the statements made were false). Mere assertions of misstatements which impugn an individual's reputation are insufficient, standing alone, to create a triable issue regarding a Fourteenth Amendment liberty interest claim. *See Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1153 (10th Cir. 2001) (holding that "defamation, standing alone, [is] not sufficient to establish a claim for deprivation of a liberty interest" (citations omitted)). Plaintiff therefore fails to meet the second element.

Plaintiff meets the third element when she alleges that her reputation was damaged during the disciplinary/termination process. *See Workman*, 32 F.3d at 480. However, there is no indication of how these amorphous statements were published during this process. *See id.* Plaintiff therefore fails to meet the fourth element.

Accordingly, the Court finds that Plaintiff has failed to adequately allege three of the four elements to support a liberty interest due process claim pursuant to the Fourteenth Amendment. Therefore, the Court **recommends** that this claim be **dismissed without prejudice**.

    **2.**     **Property Interest Claim**

For purposes of the Motion, Defendants do not argue that Plaintiff lacked a property interest in her terminated government employment.  *See Motion* [#1-2] at 2-3 (stating that "the Court must only accept the following facts as true . . . : As a career service employee, Plaintiff had [a] protected property interest in her position.").  The Court thus turns to the second step of the due process analysis, *i.e.*, "whether the procedures attendant upon that deprivation were constitutionally sufficient."  *See Thompson*, 490 U.S. at 460.

"While a property right can only be created by state law, once a property right is established, the determination of what process is due before that right can be deprived is a question answered by the federal Constitution."  *See, e.g.*, *Kingsford v. Salt Lake City Sch. Dist.*, 247 F.3d 1123, 1132 (10th Cir.2001).  According to the United States Supreme Court, "[a]n essential principle of due process is that a deprivation of . . . property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).  "[N]otice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted).

Plaintiff argues that she sufficiently alleges that she failed to receive adequate notice and an opportunity to respond.  *Response* [#11] at 6.  Plaintiff specifically directs the Court's attention to the paragraph of the Complaint that states:

> The CSA (Ms. Pizzulo's) Investigation, relied upon by the decisionmaker who ultimately terminated the Plaintiff, was not effective, thorough or objective and, among other things, involved vague and conclusory allegations which impaired Plaintiff's ability to respond, involved arbitrary one-sided deadlines, leading and biased questioning of the Plaintiff and witnesses, [and] the omission of and/or misstatement of various facts and clearly erroneous findings.

*Compl.* [#3] ¶ 24. This vague allegation that Plaintiff's ability to respond was "impaired" is devoid of any statement indicating how this impairment specifically affected her constitutionally-protected due process rights. See, e.g., *Mimms v. U.N.I.C.O.R.*, 386 Fed. App'x 32, 35 (3d Cir. 2010) (holding that plaintiff's "failure to protect" claim was properly dismissed where the plaintiff offered only conclusory allegations that did not present a situation where the plaintiff's health or life were at risk). Further, as Defendants argue, the City's mere failure to follow its own personnel rules, ordinances, and/or City Charter does not, by itself, give rise to a due process violation. *Motion* [#7] at 4 (citing *Rector v. City & Cnty. of Denver*, 348 F.3d 935, 947 (10th Cir. 2003) ("It is well established, however, that a state's violation of its own laws does not create a claim under § 1983." (internal citations omitted))).

Plaintiff further argues, without citation, that an impartial tribunal may also create a viable due process claim. *Response* [#11] at 6. Plaintiff specifically directs the Court's attention to the paragraph of the Complaint that states:

> Although Plaintiff was afforded a CSA hearing and thereafter an appeal to the CSB, at each level there were additional failures to adhere to, and/or enforce accepted policies, protocols and rules, including the failure to follow decisional precedent, enforce career service Rules, adhere to the City Charter, etc and the failure to insure [sic] an impartial tribunal.

*Compl.* [#3] ¶ 26. Plaintiff is correct that due process in this context requires an impartial tribunal. *Riggins v. Goodman*, 572 F.3d 1101, 1112 (10th Cir. 2009). However, Plaintiff's conclusory statements that Defendants deprived her of an impartial tribunal based on numerous vaguely-alleged indiscretions do not permit the Court to find that Plaintiff has sufficiently alleged a due process claim on this basis. *See Crawford–El v. Britton*, 523 U.S. 574, 598 (1998) ("[T]he court may insist that the plaintiff put forward specific, nonconclusory

factual allegations that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment.") (internal quotation marks and citation omitted). The only specific allegation here, *i.e.*, that CSB failed to provide a written decision within the proscribed sixty days after the hearing, does not logically demonstrate that Defendants were impartial.

Plaintiff acknowledges that "[a] failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process . . . ." *Response* [#11] at 7 (quoting *Ward v. Anderson*, 494 F.3d 929, 935 (10th Cir. 2007)). Plaintiff asserts, however, that this language means that some failures to comply with local procedural requirements may constitute denial of due process. *Response* [#11] at 7 (citing *Dep't of Health v. Donahue*, 690 P.2d 243, 249 (Colo. 1984)). The Court agrees with this proposition. However, the constitutional question at issue here is whether Defendants provided notice and a hearing appropriate for this case. *See Loudermill*, 470 U.S. at 542. Although Defendants may not have followed every procedural rule in place, it is clear from the allegations in the Complaint that Plaintiff was afforded notice of her disciplinary hearing, that she had a chance to be heard at the hearing, and that she was given and took advantage of the opportunity for an appeal. The Constitution does not require more procedure than that provided here. *See, e.g.*, *Darr v. City of Telluride, Colo.*, 495 F.3d 1243, 1255 910th Cir. 2007). Plaintiff has not plausibly demonstrated that Defendants' alleged failure to follow their own procedural rules was severe enough to violate basic federal constitutional standards.

Accordingly, the Court finds that Plaintiff has failed to adequately allege a constitutional deprivation of her property interest and thus has failed to make a due process

claim pursuant to the Fourteenth Amendment. Therefore, the Court **recommends** that this claim be **dismissed without prejudice**.

### B.    State Law Claims

Plaintiff also asserts a claim for breach of contract and a claim for promissory estoppel. *Compl.* [#3] ¶¶ 37-46. Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir.1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims"). Here, subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Compl.* [#3] ¶ 1. There is no alternative diversity jurisdiction because all parties are citizens of the State of Colorado. *See id.* ¶¶ 2-5. Thus, having recommended dismissal of Plaintiff's federal claims, the Court further **recommends** that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's remaining two state law claims and that they be **dismissed without prejudice**.

### IV.  Conclusion

Accordingly, the Court respectfully **RECOMMENDS** that the Motion [#7] be **GRANTED** and that the Complaint [#3] be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 22, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge